**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DONALD RAY JACKSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 4:25-CV-1146-P** |
| | § | |
| **TEXAS OFFICE OF THE ATTORNEY** | § | |
| **GENERAL, CHILD SUPPORT** | § | |
| **DIVISION,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On October 15, 2025, *pro se* Plaintiff Donald Ray Jackson filed a civil complaint, and this

case was referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and

Special Order 3. ECF Nos. 1, 5.

The findings, conclusions and recommendation of the United States Magistrate Judge are

as follows:

FINDINGS AND CONCLUSIONS:

A.    NATURE OF THE CASE

This case is a new civil action.

B.    PARTIES

Donald Ray Jackson is the plaintiff. He names the Texas Office of the Attorney General,

Child Support Division; Terry Francis; the Tarrant County Child Support Office; and "Unknown

agents or Officers" as defendants.

C.    LEGAL ANALYSIS

To proceed with a civil action in this Court, a plaintiff must either pay the $405 filing and administrative fees or be granted permission to proceed *in forma pauperis* (IFP). *See* 28 U.S.C. §§ 1914, 1915. When Plaintiff filed the complaint, he did not pay the filing fee, but he did file a pleading seeking to proceed IFP. ECF No. 3. However, the Court determined that it was deficient because Plaintiff did not use the required IFP form. On October 21, the Court ordered Plaintiff to cure this deficiency within 14 days by either paying $405 to the clerk of Court or filing a complete long-form IFP application. ECF No. 7. The Court mailed Plaintiff a copy of the form necessary to comply. In addition, the Court explicitly warned Plaintiff that failure to timely comply may result in dismissal of this case without further notice under Federal Rule of Civil Procedure 41(b). *Id.*

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The deadline for Plaintiff to comply with the Court's October 21 order expired on November 4. To date, Plaintiff has not complied with the Court's order or otherwise attempted to cure his filing deficiency or comminate with the Court about his case. Because Plaintiff has not paid the requisite fees or filed a proper IFP application, this case is subject to dismissal for failure to comply with a Court order and for lack of prosecution under Rule 41(b).

RECOMMENDATION

It is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND
RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties

in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right

to serve and file specific written objections in the United States District Court to the United States

Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days

after the party has been served with a copy of this document. The United States District Judge need

only make a de novo determination of those portions of the United States Magistrate Judge's

proposed findings, conclusions, and recommendation to which specific objection is timely made.

*See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a

proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error

or manifest injustice, from attacking on appeal any such proposed factual findings and legal

conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto*

*Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. §

636(b)(1) (extending the deadline to file objections from ten to fourteen days).

It is further **ORDERED** that the above-styled and numbered action, previously referred to

the undersigned for findings, conclusions, and recommendation, be and is hereby, **RETURNED**

to the docket of the United States District Judge.

It is so **ORDERED** on November 7, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE